UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES K. MORRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:25-cv-126-CEA-MJD |
| DIRECT EXPRESS and COMERICA BANK, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Charles K. Morris ("Plaintiff") initiated this case pro se on April 14, 2025, by filing an application to proceed *in forma pauperis* ("IFP") [Doc. 1] and a complaint [Doc. 2]. On April 17, 2025, the Court entered an order [Doc. 4], describing the Court's responsibility under 28 U.S.C. § 1915(e)(2) to screen actions filed by plaintiffs who seek IFP status and to dismiss any action, or portion thereof, which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008).

In the April 17 order, the Court identified significant deficiencies in Plaintiff's complaint as drafted which would prevent his claims from proceeding past the screening stage. The Court also explained that Plaintiff's IFP application did not provide sufficient information, which meant the Court was unable to determine whether Plaintiff financially qualified to proceed without prepaying his fees. Plaintiff was ordered to file an amended complaint as well as a new IFP application and any required supporting documentation by May 8, 2025. Plaintiff was

specifically warned that if he did not submit the required documents and information by the deadline, his case would be dismissed based on his failure to prosecute and failure to obey the Court's order.

The May 8 deadline has now passed, and Plaintiff has not filed an amended complaint nor has he provided the necessary information or documentation for his IFP application. Plaintiff also has not requested an extension of the deadline or made any other filings. There is no indication Plaintiff's address changed or that he did not receive the April 17 order. Accordingly, the Court **RECOMMENDS**[1] Plaintiff's IFP application be **DENIED AS MOOT** with no filing fee assessed. The Court further **RECOMMENDS** that all claims Plaintiff has attempted to assert in his complaint be **DISMISSED WITHOUT PREJUDICE**, and this case **CLOSED**. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

ENTER:

/s/ *[signature]*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).